UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JASON D. LEE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:23-cv-00850-SRC |
| | ) |
| SIEMENS INDUSTRY INC. et al., | ) |
| | ) |
| Defendants. | ) |
| | ) |

**Memorandum and Order**

After suffering an injury from an electrical explosion, Plaintiff Jason Lee filed suit in state court against the various parties allegedly responsible: CBRE Inc., Siemens Industry Inc., Gabe Espinosa, David Asmus, and John Roberts. CBRE has removed to federal court, arguing that Lee sued Asmus and Roberts simply to avoid federal diversity jurisdiction. Lee maintains that Asmus and Roberts acted negligently and moves to remand to state court.

**I.      Background**

For the purposes of this order, the Court accepts the allegations in Lee's Petition. *Henson v. Union Pac. R.R. Co.*, 2 F.4th 1075, 1079 (8th Cir. 2021) (citation omitted) (when deciding a fraudulent-joinder dispute, courts "resolv[e] all facts . . . in the plaintiff's favor"); *see also Filla v. Norfolk Southern Ry. Co.*, 336 F.3d 806, 809 n.9 (8th Cir. 2003) (when deciding a fraudulent-joinder dispute, courts decide whether the plaintiff has stated a "'colorable' cause of action . . . under the facts alleged" (citation omitted)).

Lee, Asmus, and Roberts are citizens of Missouri. Doc. 24 at ¶ 2 (stating that Lee is a citizen of Missouri); doc. 20 at ¶ 2 (stating that Asmus is domiciled in Missouri); doc. 21 (stating that Roberts is domiciled in Missouri); *Ellis v. Southeast Const. Co.*, 260 F.2d 280, 281 (8th Cir. 1958)

(citation omitted) ("For purposes of federal jurisdiction, 'domicile' and 'citizenship' are synonymous terms."). Siemens is a citizen of Delaware and Georgia, and CBRE is a citizen of Delaware and Texas. Doc. 1 at ¶¶ 9–10.

CBRE acts as the facilities manager for the OMS Building and contracted with Siemens to conduct high-voltage electrical equipment testing on September 15, 2022. *Id.* at ¶¶ 6–7. In turn, Siemens employed Espinosa to conduct the test. *Id.* at ¶ 7. CBRE employed Asmus and Roberts and assigned them to supervise Espinosa. *Id.* at ¶ 9. In Lee's words, CBRE directed Asmus and Roberts "to be present to oversee, inform and direct" Espinosa, naming them "key point persons" in the high-voltage test. *Id.* Asmus and Roberts knew of the potential dangers of this test and knew Espinosa needed their help to conduct the test. *Id.* Yet, Asmus and Roberts were not present for the high-voltage test and did not arrange for any other CBRE employee to supervise Espinosa. *Id.* Espinosa failed to comply with the proper procedures to check for a live electrical current before beginning the test, resulting in an explosion and fire that injured Lee. *Id.* at ¶ 8.

On May 19, 2023, Lee sued Siemens, CBRE, Asmus, Roberts, and Espinosa in Missouri court. Doc. 1-3 at 1. CBRE removed the case to this Court, contending that Lee joined Asmus and Robers "solely for the purpose of defeating federal diversity jurisdiction" without alleging any duty owed by Asmus and Roberts to Lee. Doc. 1 at ¶ 15. Arguing that Asmus and Roberts ignored the foreseeable risks of their behavior and, thus, acted negligently under Missouri law, Lee moves to remand the case to Missouri court. Doc. 25.

**II.      Standard**

The Eighth Circuit has stated the following standards for fraudulent joinder: (1) "Fraudulent joinder does not exist where 'there is arguably a reasonable basis for predicting that the state law might impose liability based upon the facts involved,'" *Block v. Toyota Motor Corp.*, 665 F.3d 944,

948 (8th Cir. 2011) (citation omitted); (2) "[a] party has been fraudulently joined when there exists no reasonable basis in fact and law to support a claim against it," *Hubbard v. Federated Mut. Ins. Co.*, 799 F.3d 1224, 1227 (8th Cir. 2015) (citation omitted); (3) "[i]t is well established that if it is clear under governing state law that the complaint does not state a cause of action against the nondiverse defendant, the joinder is fraudulent, *Henson*, 2 F.4th at 1079 (citation omitted); (4) "if there is a 'colorable' cause of action—that is, if the state law *might* impose liability on the resident defendant under the facts alleged—there is no fraudulent joinder," *id.* (citation omitted); (5) "[a] frivolous or illegitimate claim against a non-diverse defendant—a fraudulent joinder—does not prevent removal," *Halsey v. Townsend Corp. of Ind*, 20 F.4th 1222, 1226 (8th Cir. 2021); and (6) "[w]here applicable state precedent precludes the existence of a cause of action against a defendant, joinder is fraudulent," *Wivell v. Wells Fargo Bank, N.A.*, 773 F.3d 887, 893 (8th Cir. 2014) (citation omitted).

Thus, the precise definition of "fraudulent joinder" remains somewhat fluid. *Halsey*'s use of the term "frivolous" suggests a claim so meritless it might breach codes of professional conduct, while *Wivell*'s use of the precludes-the-existence-of-a-case-of-action standard suggests a much lower bar. *Halsey*, 20 F.4th at 1226; *Wivell*, 773 F.3d at 893; *see generally Filla*, 336 F.3d at 809 n. 9 (noting the "various mutations of the fraudulent-joinder standard through the circuits" and the discrepant standards stated in the secondary literature).

While these explanations of the standard for fraudulent joinder typically occur as part of the groundwork for a case's core holding, *Knudson v. Sys. Painters, Inc.*, 927 F.3d 968, 977–980 (8th Cir. 2011), considered the issue more directly, resolving a dispute over the proper standard for fraudulent joinder. After considering the various potential standards, the *Knudson* court held that "*Filla* and its progeny provide the appropriate standard." *Id.* at 979. In turn, the *Knudson* court quoted *Filla* as holding that fraudulent joinder exists when a claim has "no reasonable basis in fact and law," and where "it is clear under governing state law that the complaint does not state a cause of

action," but not where "there is arguably a reasonable basis for predicting that the state law might impose liability based upon the facts involved." *Knudson*, 634 F.4th at 977, 980 (quoting *Filla*, 336 F.3d at 810–11). The court emphasized this last articulation of the standard, concluding the opinion by stating "[f]or the foregoing reasons, 'there is arguably a reasonable basis for predicting that [Missouri law] might impose liability.'" *Id.* (quoting *Filla*, 336 F.3d at 811) (second alteration in original).

The Court applies the standards approved by *Knudson*, emphasizing the arguably-reasonable-basis standard. *See Block v. Toyota Motor Corp.*, 665 F.3d 944, 948 (8th Cir. 2011) (citation omitted) (stating the arguably-reasonable-basis standard); *Junk v. Terminix Intern. Co.*, 628 F.3d 439, 445 (8th Cir. 2010) (citation omitted) (same); *Wilkinson v. Shackelford*, 478 F.3d 957, 963 (8th Cir. 2007) (citation omitted) (same); *see also Halsey*, 20 F.4th at 1227 (citation omitted) (using the no-reasonable-basis standard); *Hubbard v. Federated Mut. Ins. Co.*, 799 F.3d 1224, 1227 (8th Cir. 2015) (citation omitted) (same); *Wivell*, 773 F.3d at 893 (citation omitted) (same).

The Eighth Circuit has also established several supporting legal principles to resolve fraudulent-joinder questions. "[T]he party seeking removal has the burden to establish federal subject matter jurisdiction." *Cent. Iowa Power Co-op. v. Midwest Indep. Transmission Sys. Operator*, 561 F.3d 904, 912 (8th Cir. 2009) (citation omitted) (discussing the standards for removal generally); *see also Wilson v. Republic of Iron Steel Co.*, 257 U.S. 92, 97 (1921) (discussing the standards for removal in the context of fraudulent joinder). Even when the claims against a party would not survive a 12(b)(6) motion to dismiss, a plaintiff can still succeed on a motion to remand where there exists an "arguably reasonable basis for predicting that the state law might impose liability." *Knudson*, 634 F.3d at 980 (citation omitted). "In making such a prediction, the district court should resolve all facts and ambiguities in the current controlling substantive law in the plaintiff's favor." *Filla*, 336 F.3d at 811 (citation omitted). "All doubts about federal jurisdiction

4

should be resolved in favor of remand to state court." *In re Prempro Prod. Liab. Litig.*, 591 F.3d 613, 620 (8th Cir. 2010). Thus, CBRE faces a demanding standard.

## III. Discussion

The crucial dispute between Lee and CBRE concerns whether Lee's complaint establishes a basis to find that Asmus and Roberts owed any duty to Lee. *See* doc. 27 at 3. In its Notice of Removal, CBRE argues that "the Petition fails to allege any independent duty [Asmus and Roberts] owed [Lee] separate and apart from a duty owed by CBRE to have a knowledgeable CBRE representative present." Doc. 1 at ¶ 21. "There is no claim in the Petition of factual support indicating how or why this duty extends to Asmus or Roberts individually rather than being limited to their employer." *Id.* at ¶ 22. To this, Lee argues that "every person has the duty to exercise ordinary care . . . and is liable to one who is harmed by a breach of that duty." Doc. 26 at 3 (quoting *Hamilton v. Ross*, 304 S.W.2d 812, 814 (Mo. 1957)). This duty exists where "there is a foreseeable likelihood that particular acts or *omissions* will cause harm or injury." *Id.* (quoting *Madden v. C & K Barbeque Carryout Inc.*, 758 S.W.2d 59, 62 (Mo. 1988)). Missouri law requires only a possibility of harm, meaning a possibility serious enough to prompt a reasonably prudent person to avoid that risk of harm. *Id.* at 4 (quoting *Zuber v. Clarkson Const. Co.*, 251 S.W.2d 352, 355 (Mo. 1952)). Applying Missouri law to the facts of the case, Lee argues that CBRE tasked Asmus and Roberts with overseeing the high-voltage test and that failing to oversee the test created a reasonably foreseeable possibility of injury to those in the vicinity. *Id.* at 5. Thus, Lee argues that Missouri law supports the conclusion that Asmus and Roberts breached their duty of ordinary care. *Id.* at 7.

In its Response to Lee's Motion to Remand, CBRE describes the fraudulent-joinder standard, doc. 27 at 2, 4–5, and the standards for negligence, *id.* at 2–3. Here, the parties have no substantive disagreement. *Compare* doc. 27 at 2–5, *with* doc. 26 at 1–2, 5 n.1, 9. Turning to the issue of Asmus and Roberts's duty to Lee, CBRE argues as follows:

5

> Critically, [Lee's] lengthy recitation of Missouri law on an employee's personal liability is premised on the notion Asmus and Roberts owed some duty to [Lee]. However, [Lee's] Petition is devoid of any allegation of a duty owed by Asmus or Roberts to [Lee]. [Lee's] Petition devotes only one paragraph to Asmus's and Roberts'[s] alleged knowledge, failure, and liability. Absent from the Petition is any statement of the actual independent duty Asmus or Roberts claimed to have been owed to [Lee] [sic]. The two employees may have owed a duty to their employer, CBRE, but that does not translate to a duty owed to a third person. [Lee] cites no cases to the contrary.

Doc. 27 at 3. CBRE supplements this argument with three cases where district courts found fraudulent joinder. Doc. 27 at 4 (citing *Reeb v. Wal-Mart Stores, Inc.*, 902 F. Supp. 185 (E.D. Mo. Oct. 18, 1995)); *Bradley v. Wal-Mart Stores, Inc.*, No. 1:11-cv-76-SNLJ, 2011 WL 3471006 (E.D. Mo Aug. 8, 2011); *Gregorecz v. NES Rentals Holdings*, Inc., No. 4:07-cv-20510-MLM, 2008 WL 441649 (E.D. Mo. Feb. 14, 2008)).

The Court does not find CBRE's argument persuasive. Contra CBRE, Lee's argument is not "premised on the notion Asmus and Roberts owed some duty"; rather Lee argues to the conclusion that Asmus and Roberts owed him the duty of ordinary care. *See* doc. 27 at 3. At its core, Lee's argument rests on two premises: (1) Asmus and Robert's decision to leave Espinosa unsupervised created reasonably foreseeable dangers, doc. 1-3 at ¶ 9, and (2) a person who creates a reasonably foreseeable danger acts negligently under Missouri law, doc. 26 at 5. CBRE does not squarely address either premise, *see* doc. 27, much less satisfy its burden to demonstrate that no arguably reasonably basis exists to predict that Missouri law might impose liability on Asmus and Roberts or that Lee's claims have no reasonable basis in Missouri law, *see Junk*, 628 F.3d at 446.

Likewise, the Court does not find CBRE's citations persuasive because each case is distinguishable. First, CBRE cites *Reeb*, doc. 27 at 4, where the plaintiff filed a slip-and-fall negligence claim against Wal-Mart and the store manager, 902 F. Supp. at 186, 188. Because the store manager had only acted as manager for three days, had no knowledge of the alleged hazardous carpet, and was not on duty at the time of the fall, the court found that the plaintiff fraudulently joined the store manager. *Id.* at 189. But Lee's Petition alleges that Asmus and Roberts knew of

6

their roles as "key point persons" in supervising Espinosa during the test and knew of the inherent dangers of high-voltage equipment. Doc. 1-3 at ¶ 9. Thus, the reasoning in *Reeb* cannot apply to this case.

Second, CBRE cites *Bradley*, doc. 27 at 4, which adjudicated another slip-and-fall negligence claim, where the court found the manager "was not on duty or even inside the store at the time of the accident and . . . he did not have any knowledge of the allegedly dangerous condition," 2011 WL 3471006, at *2. Further, the court noted that the plaintiff failed to respond to the manager's fraudulent-joinder argument. *Id.* at *1. Therefore, the court held that the plaintiff fraudulently joined the manager. *Id.* at *2. But Lee alleges that CBRE's instructions notified Asmus and Roberts of their supervisory role in the high-voltage test. Doc. 1-3 at ¶ 9. Thus, CBRE cannot rely on a case where the fraudulently joined defendant had no knowledge of the potential danger. Further, CBRE cannot rely on a case where the plaintiff presented no argument in favor of remand.

Third and finally, CBRE cites *Gregorecz*, doc. 27 at 4, where the plaintiff filed a negligent-supply-of-a-dangerous-instrumentality claim, 2008 WL 441649, at *1. The court found that the plaintiff failed to plead several elements of this claim. *Id.* at *4. But Lee does not raise a negligent-supply-of-a-dangerous-instrumentality claim, *see* doc. 1-3, and *Gregorecz* has no bearing on whether the facts Lee alleges supply a reasonable basis for a negligence claim, *see* 2008 WL 441649, at *1. Thus, the cases that CBRE marshals in support of its argument do not demonstrate that Lee lacks an arguably reasonable basis to predict that he might prevail in state court. *See Block*, 665 F.3d at 948 (citation omitted). In sum, CBRE has not met its burden of proof. *Junk*, 628 F.3d at 446.

**IV.   Conclusion**

Because CBRE fails to demonstrate that Lee fraudulently joined Asmus and Roberts, the Court concludes it lacks diversity jurisdiction over this case. Accordingly, the Court grants Lee's [25] Motion to Remand and remands this case to the Circuit Court for St. Louis County, Missouri.

Pursuant to 28 U.S.C. § 1447(c), the Court directs the Clerk of Court to mail a certified copy of this Order of Remand to the clerk of the state court.

So ordered this 30th day of November 2023.

*SLR.CR*

STEPHEN R. CLARK
CHIEF UNITED STATES DISTRICT JUDGE